Lu v. Lynch

BIA
Balasquide, IJ
A099 772 284

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand sixteen.

PRESENT:
>        RALPH K. WINTER,
>        GUIDO CALABRESI,
>        RAYMOND J. LOHIER, JR.,
>            *Circuit Judges.*

_____

SHUN XING LU,
>        *Petitioner,*

> v.                                          14-4063
>                                             NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Dehai Zhang, Flushing, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Keith
                         McManus, Senior Litigation Counsel;
                         Sunah Lee, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shun Xing Lu, a native and citizen of the People's Republic of China, seeks review of an October 21, 2014, decision of the BIA affirming a May 1, 2013, decision of an Immigration Judge ("IJ") denying Lu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Shun Xing Lu,* No. A099 772 284 (B.I.A. Oct. 21, 2014), *aff'g* No. A099 772 284 (Immig. Ct. N.Y. City May 1, 2013).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the entirety of the IJ's adverse credibility determination, "including the portions not explicitly discussed by the BIA." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005).  The applicable standards of review are well established.  8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, like Lu's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies between the applicant's statements and other evidence, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the IJ's adverse credibility determination, which was based on inconsistencies within Lu's testimony and a lack of corroborating evidence. For instance, Lu initially testified that he went into hiding in China in February 2007, but later stated that he misremembered, and changed the date to July 2, 2002. Lu's explanation for the inconsistency, that he misremembered, would not compel a reasonable fact-finder to credit his testimony because he had been in the United States for over a year on the date he initially provided. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir.

2005) (holding that the agency need not credit an applicant's explanation for inconsistencies unless the explanation would compel a reasonable fact-finder to do so).

Lu also testified that he knew he would have to lie on the previous work authorization petition he filed. He then changed his testimony, stating that he did not intend to lie but simply signed whatever papers the attorney filled out; he was unable to explain this changing testimony. The IJ also noted that, regarding his experience as a chef, Lu's testimony was vague, as he could not remember his address or any details beyond the restaurant's name and the fact that he worked there for several months. While the IJ erred in finding Lu's testimony on this point inconsistent, as Lu had only testified that he did not work as a chef in China, this error does not require remand: the other grounds are sufficient to support the credibility finding, and "there is no realistic possibility that, absent the error[], the IJ or BIA would have reached a different conclusion." *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005).

Finally, the IJ reasonably found that Lu's lack of corroborating evidence further undermined his credibility.

"An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."  *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  Lu did not call witnesses or provide affidavits from members of either of the churches he attended in New York, despite his claim that he had introduced  several  people  to  his  church.    Nor  did  he corroborate that the witness who was supposed to testify on his behalf had moved back to China.  *See Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) ("[T]he alien bears the ultimate burden of introducing such evidence without prompting from the IJ.").

Given  the  inconsistencies  and  lack  of  corroboration, substantial evidence supports the agency's adverse credibility determination, which is dispositive of asylum, withholding of removal, and CAT relief.  *Xiu Xia Lin*, 534 F.3d at 167; *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).  Because the credibility determination is dispositive, we do not reach the agency's alternative findings.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not

required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk